The opinion of the Court was delivered by
Sewall, C. J.
The return of the sheriff is not conclusive against the party arrested; and there is no inconsistency in his showing the return of an arrest, which he alleges to be unlawful.
The plea is, however, liable, in point af form, to other sufficient objections, if these had been pointed out. It is double and argumentative, in a degree to rendre a replication to it, for the purpose *20 of putting in issue any one material allegation, almost impracticable ; and although several defences are intimated, it is by no means clear to which,' of two at least, the defendants have directed their averments, or what conclusion in particular is intended on their parts to be drawn against the action. It seems, like a defence against a bond, unlawful, because taken for ease and favor ; but in the argument the counsel for the defendants explain the plea to be that the bond was unlawfully obtained by duress of imprisonment of William Getchell, the principal in the bond.
We have examined the plea in this view of it. There is no substantial averment that the principal in this bond made it against his will, or to relieve himself from any compulsory imprisonment. If any thing like duress is to be inferred from the long story told in this plea, it must be because an unlawful arrest and imprisonment, such as would be injurious and amount to duress, even when consented and willingly submitted to on his part, are sufficiently set forth and averred. But if any thing like duress is averred, it is not alleged that either of the defendants had been thereby compelled to make the bond for his relief from imprisonment.
We cannot make this inference from the circumstance averred, that the principal in the bond was arrested when attend [ * 14 ] ing * court, as a party in a process then pending. For the protection which the law affords in that case is a. personal privilege, of which the party entitled to rely upon it may avail himself to prevent or defeat an arrest; but if he waives the privilege, and willingly submits himself in custody to the officer, he cannot afterwards object to the imprisonment as unlawful, or as made by a void authority. A waiver and voluntary submission are to be presumed ; at least there are no allegations to the contrary in the bar on which the defendants rely.
It is, however, sufficiently averred, — and the averments are confessed by the demurrer, — that William Getchell, the principal in the bond, had been arrested on the plaintiff's execution in June, 1810, and discharged by the officer upon an unlawful and void contract between him and the party arrested; and that the arrest in October afterwards, when W. G. was attending court, was a second arrest upon the same writ, enforced by the same officer, who had before voluntarily suffered his prisoner in execution to go at large.
It is very clear that the escape of W. G. from the first arrest rendered the sheriff liable for the amount due on the execution; and this would have been the consequence of the escape if it had happened by the negligence of the officer, instead of being voluntarily permitted by him. There is, however, this difference, in the consequent liabilities of the officer, between the case of a negligent, *21 and the case of a voluntary, escape. When happening against the will of the officer, or without his consent, he may pursue his prisoner ; and if he should be retaken, or if he should voluntarily return into the custody of the officer, before judgment rendered for the creditor in the execution, in any action which he may bring for such negligent escape, the prisoner would be again lawfully in custody, and the sheriff would be excused.
By a statute provision of our legislature on this subject, (1) the liability of the sheriff, prison-keeper, or jailer, chargeable with an escape, seems not to be absolute until the expiration * of the term of three months after the escape. For if [ * 15 ] within that time the prisoner shall be recovered and returned back to prison again, the sheriff is liable to nothing further than the cost of any action which may have been commenced for the escape. Considering this provision as applicable only to the case of negligent escapes, and the case of voluntary escapes to remain as at common law, that is, a charge upon the sheriff, and a misconduct not to be excused by the recovery of the prisoner, still the rights of the creditor remain unimpaired, when the going at large of the prisoner has not been by the consent of the creditor. And although the sheriff, in the case of a voluntary escape, cannot enforce the same writ to effect by retaking the prisoner against his will, yet the creditor may lawfully enforce his demand; and it is competent for him to procure a second arrest of the party, who had been before arrested or imprisoned, notwithstanding the escape voluntarily permitted by the jailer, (a) If the debtor taken on a copias ad satisfaciendum, escape, yet, if the writ be never returned and filed, the creditor may have a new writ of copias ad, satisfaciendum and take him again, and he shall not take advantage of his own wrong; (2) and when the escape of a prisoner has been of his own wrong, if he is retaken, he shall not have an audita querela against the sheriff; and although, where the escape has been voluntary, and with the consent of the jailer, if the prisoner, should be retaken, he may have his audita querela for his discharge; and perhaps might have against the officer an action of false imprisonment, as upon an unlawful service of a lawful writ, when the same officer enforces the writ a second time after permitting an escape ; yet there seems to be no reason to conclude that the writ is void in law, and that a submission to it by the debtor, or his voluntary return into the custody of the same officer, is to be considered as *22 an unlawful imprisonment, and in the nature of a duress to avoid a bond otherwise lawful, which is given and made to the creditor, and not to the officer, (a)
The creditor retained his demand and remedy, notwithstand ing the unlawful combination or bargain of his debtor, [ * 16 ] *made with the officer, when first arrested on the execution. There is no discharge of record, or service returned, which can defeat this execution. The return upon it is not void or illegal upon the face of it. And the defendants have not averred that the principal in the bond had been compelled by duress to enter into this bond. Nor is a compulsion of that kind to be inferred from the averments of their plea. Any bond to the officer, under the circumstances alleged, might have been unlawful; but the debtor in execution submitted himself to a remedy which the creditor was lawfully entitled to, notwithstanding the misconduct of the officer; and we are- of the opinion that the defendants cannot for this cause avoid their bond to the plaintiff. (b)

Defendants’ plea adjudged lad.

 Stat. 1784, c. 41, § 4.

 Appleby vs. Clark, 10 Mass. Rep. 59.— Commonwealth vs. Drew, 4 Mass. Rep 391. — 1 Selw. N. P. 8th ed. 620.

 3 Co. 44 52.

 It would seem that the writ was so far functus officio that a second arrest upon the same writ, by the same officer, as in this case, was illegal, and the imprisonment could not be justified by the process. — Atkinson vs. Jameson, 5 D. & E. 25.— Sheriff of Essex’ case, Hob. 202. — Buxton vs. Home, 1 Show. 174. — Featherstonehaugh vs. Atkinson, Barnes, 373.— Vin. Abr Esc. 93, pi. 7. — Alanson vs. Butler, 1 Lev. 211.— 1 Sid. 330.— Carter, 212.—Ravencroft vs. Eyles, 2 Wils. 295. — 1 Arch. Frac. Com. pi. 269. — Lansing vs. Fleet, 2 Johns. Cas. 2. — Thomson vs. Lockwood, 15 Johns. 256. — But if the debtor voluntarily return, after a voluntary escape from the sheriff, the creditor, by signifying his election, may detain him upon the same execution. — Benson, J., in Lansing vs. Fleet, ubi sup. — 1 Danv. Ab. 633. — Trevilian vs. Roberts, 1 Rolle, Ab. 307, pi. 4, 902, pi. 8.— A bond given to the sheriff for the jail liberties after a voluntary escape, and a second arrest upon an execution, is void. — Thomson vs. Lockwood, ubi sup.

 Clap vs. Cofran, 7 Mass. Rep. 98. — Freeman vs. Davis, 7 Mass. Rep. 200 — Burroughs vs. Lowder, P. Mass. 373. — Smith vs. Stockbridge, 9 Mass. Rep. 271.