*Windsor,*
*February,*
*1827.*

BENJAMIN FLETCHER, defendant below, *vs.* HARRY BAXTER, plaintiff below.—*IN ERROR.*

*Dicta*—Parties, witnesses, and bail are privileged from arrest during their necessary attendance upon a court, or before any tribunal sitting in the nature of a court, in the administration of justice, and in going to and returning from it, whether compelled to attend or not.

The arrest of one having special privilege or exemption from arrest, is not void, but voidable merely.

This special exemption is not matter which can be pleaded and put in issue to the jury, but is the ground of a motion, if addressed to the court in whose protection the person is; or, if otherwise, probably of *habeas corpus;* and it is in the discretion of the court, whether to discharge or not.

*Held*—That where the principal was arrested while attending a court as a witness, and did not claim his privilege, but gave bail, it was a waiver of the privilege, and could not be made the ground of a defence, in an action against the bail.

THE original action was a *scire facias*, brought by said *Baxter* against said *Fletcher*, as bail on an original writ in favour of said *Baxter*, against one *Norris*.    To this *scire facias*, *Fletcher* plead in bar, that when *Norris* was arrested on said *Baxter's* writ, he, *Norris*, was attending a Justice's court, at Sharon, as a witness for said *Fletcher*, and had gone from Woodstock there

Windsor,
February,
1826.

Fletcher
vs,
Baxter.

for that purpose only; and this known to said *Baxter.* Yet, he caused *Norris* to be arrested, in violation of his privilege; to relieve from which arrest, this bail was given. To this plea *Baxter* demurred, and there was a joinder in demurrer. The judgment of the county court was, that this plea in bar was insufficient. It was to reverse this judgment, that the present writ of error was brought; and the general error was assigned. Plea, *in nullo est erratum.*

*Hutchinson,* for the plaintiff in error. This plea in bar is attempted to be supported on the sound principle, that a man can gain no rights by his own wrongful acts. We cite a case from 2 *Maule* and *Selwin,* 239, which is as follows:—*Ward* sued several actions against *Rhodes,* and *Brumfit* and *Eastwood* were his bail to the sheriff. The plaintiff obtained judgment in his several actions, took his executions, and, knowing *Rhodes* to be in custody on criminal matters, (and therefore capable of being arrrested on his executions) procured the sheriff to make a *non-est* return on his several executions, so as to charge the bail. *Ward* pursued his several writs of *scire facias* against the bail, and obtained judgment in each, against the bail, and collected his money. On motion of the bail, the court set aside the judgments, executions, and levies, and ordered the money to be restored. This is not on the ground of privilege, but on the ground that the plaintiff procured his cause of action against the bail, by his own wrongful act. The same was decided in 16th of *East's R.* 2d p. *Burke* vs. *Maine,* et al. bail of *Benton.*

That parties and witnesses are privileged from arrest on civil suits, when necessarily attending on courts of justice, and in going and returning, has been so long and so fully settled, that little controversy upon that subject occurs in the books. But where the privilege is fully acknowledged, disputes have arisen, whether certain persons are entitled to it, and how they may take advantage of it. It is sometimes called the privilege of the court: but it always applies for the benefit of the person arrested.—*Phillips' Treatise on Ev. Vol.* 1, *p.* 5, shows, the privilege extends equally to a witness attending by request of a party, as one regularly summoned.—In the case of *Wallingham* vs. *Matthews,* 1 *Com. L. R.* 412, this privilege was extended to the creditor, attending the insolvent debtor's court, at Westminster; and, on motion, the bail-bond was ordered to be delivered up to be cancelled.—In the case of *Taft* vs. *Hoppin* and *Hoppin, Anthon's Nisi Prius, p.* 187, service was made on one defendant only; and the other voluntarily appeared in the suit, and, being arrested, was discharged on common bail—and see note to do. on page 189, and cases there cited.—In Col. *Fitt's* case, 2 *Comens' R. p.* 443, reported more at large in *Strange;* the court admitted the privilege, but doubted whether they ought not to leave the party to plead his privilege, and not discharge on motion. Ten Judges, however, agreed to discharge on motion.

In the 2d of *Barnwell* and *Alderson,* 234*th p.* the court doubting whether *Battine,* a gentleman of the King's privy chamber,

29

*Windsor,*
*February.*
*1826.*

Fletcher
*vs.*
Baxter:

was by that office privileged from arrest, the officer having sickened and almost died, refused to discharge him on motion, but left him to his writ of privilege, that the point might be solemnly determined on record.

As to the general power to discharge on motion, we also cite 4 *Dall. R.* 387, *Hurt's* case.

Hence we contend, that a discharge on motion is not the only, nor the original method of claiming privilege, but admitted, through the inadequacy of other methods, for speedy relief from unjust imprisonment.

But we say a plaintiff gains no right by such an arrest of a privileged person. The imprisonment is unlawful. The bailbond is, virtually, obtained by duress of imprisonment. And, in whatever way the question arises, the courts decide against the attaching creditor and his security. In the case above cited, from 1 *Com. L. R.* 412, the court ordered the bail-bond to be given up to be cancelled.

In the case of *Spence* vs. *Stewart*, 3 *East's R.* 89, this privilege was extended to the party attending an arbitration, and the court ordered the bail-bond to be delivered up to be cancelled; and as the plaintiff's attorney knew of the privilege when he caused the arrest, he was compelled to pay the costs of the motion.

Thus far we have noticed cases, where the question was raised, by and on motions. In *Douglas' R.* 671, *Tarlton* vs. *Fisher, and others*, Lord Mansfield says, (in speaking of a sheriff with process against a privileged person) he is not bound not to arrest. If he chooses to take the truth of the facts upon him, and not arrest the party, he may; and the surrender, &c. (that is, the ground of privilege) will be a good return; but he will be answerable----that is, will be answerable for the truth of his return.

In the 11 *John. R.* 433, *Ray*, et al. vs. *Hogeboom*, in error, it was decided, that the plaintiff had no right to maintain an action against a constable, for suffering an escape of a debtor, on execution, who is privileged from arrest.

Said last point was also fully decided in the case of *Arding* vs. *Flower*, et al. in 8 *Term R.* 534, with only the difference, that the arrest was upon an original writ, not on execution.

In 2 *Johns. Cases*, 49, *Percival* vs. *Jones*, and 3 *do.* 85, *Hess* vs. *Morgan*, it was decided, that an action lies against a justice of the peace, for issuing an execution against the body of a person privileged from arrest, in the state of New-York, by having a family.

So in 11 *Johns. R.* 444, *Curry* vs. *Pringle*, it was decided, that trespass lies by one privileged from arrest, against a party at whose instance a warrant was issued by a justice of the peace, by which the plaintiff was arrested.

In the case of *Timothy Follett* vs. *Daniel Rogers*, decided by the Supreme Court, in Chittenden County, July term, 1821, the defendant plead in abatement, that he was arrested on the writ, in violation of his privilege as suitor, &c. General de-

murrer, and joinder.---The Court adjudged the plea sufficient, and abated the writ.

These authorities support the plea in bar on every point. We therefore hope, that the judgment of the county court, which rejected said plea in bar, will be reversed.

*Collamer*, Contra. The questions in this case are as follows, to wit:

1st. Is the protection of a witness from arrest, while attending court, a matter of right on which *he* may *insist*?

2d. Must this right be asserted at the time, and before the same court he is attending?

3d. Can the bail, when afterwards sued, make defence that his principal was so entitled to have been protected?

To what extent the protection of a witness, or a suitor, from arrest, while attending court, is a matter of right, on which he may insist; is a question which must not, under the name of *privilege*, be confounded with those permanent privileges of parliament, foreign ambassadors, certificated bankrupts, soldiers of the army, &c. for this important reason, that while the latter are permanent, the former is briefly temporary, and should be claimed and effected at the time, that the creditor may have the lawful use of his legal process, immediately after the occasion, which suspended it, ceases. It is therefore to be borne in mind, that all those cases in the books relating to permanent privilege, are altogether aside from this case.

This distinction being made, we come to consider the nature and extent of this protection of suitors and witnesses; and the first important point which occurs in all the cases, is this,---the arrest is viewed merely as a contempt of the court, before which the witness or suitor, attending, is arrested; and it is no farther a privilege, or protection, than the same court has power and inclination, on application to its discretion, to make it so, at the time.

This is apparent, both from the manner in which the relief is afforded, and from the constantly repeated expression of the decisions. The earliest method of relief, after the writ of privilege, was by *habeas corpus;* but the more modern method is, by the summary process of motion and rule. The proceeding by *habeas corpus*, and by motion and rule, is ever a proceeding by judicial discretion, and can never be appealed from. It is, therefore, apparent, that if this protection was a matter of privilege and right to the individual, on which he could insist, its inforcement would have some more substantially recorded form, which could have been appealed from and inforced, by the tribunals of dernier resort. But this is also apparent, from the uniform expression of the courts in their decisions, that it is merely the privilege of the court, and not of the witness or suitor, that the witness be protected from arrest; and that an arrest is merely a contempt of court, which the same court, applied to at the time, will correct, or not, as that court shall judge proper, in its own discretion.----2 *Wm. Black. R.* 1193.----4 *T.*

Windsor,
February,
1826:

Fletcher
vs.
Baxter.

R. 377.---1 *Hen. Black. R.* 636.---*Salk.* 544.---3 *Mass. R.* 288.---*Anthon's N. P.* 187.

In the exercise of this discretion, different courts, and the same court, at different times, have taken a greater or less latitude. In the case in Salkeld, the court said, a witness attending voluntarily, without process, *as Norris did in the case now under consideration,* was not to be protected; and the case in Common Pleas, where the court said they would protect all *bona fide* attending without process, cannot be considered as overruling the case in Salkeld, as it was a case of bail, and, therefore, said in relation to persons necessarily attending, for whom there is no process. If, therefore, in this case, *Norris* had applied to the justice, and the justice had power to relieve him, and even had refused, his decision would have been fully supported by authority, and would have been final, as it could not have been appealed from, and of course cannot be revised in this manner.

One court, however high and respectable, cannot administer the *discretionary* power of another, and is not to be applied to for redress, because another tribunal does not protect itself and suitors from contempt; more especially, as in this case, where that other tribunal has been passed over in contemptuous silence, and never asked to assert its dignity. This, though apparent from the nature of things, is made clear by decision.---- 1 *Wms. Abr.* 674.---4 *Term R.* 377.

This proves three things : 1st, that an arrest of a witness or suitor is no breach of *his* privilege, but a mere contempt of court. 2d. That relief, if any, must be given by that court, *and no other.* 3d. That another and higher tribunal will give no relief, even if the lower court has no power to do it.

We come now to the consideration of the third question involved in this case. It is considered a principle of law, that the bail can never avail himself of any advantages, which the principal could have asserted, and has neglected, In all those cases where the bail has been set aside for previous irregularity, or the debtor discharged, to be found in the books, it has ever been by measures taken by or at the solicitation of the principal. To overturn this barrier, would necessarily open to the bail, when sued, every defence which the principal might have made, in the original suit, and the whole case thus be subject to be reviewed. This would be of most dangerous tendency, especially when those advantages are merely temporary personal privileges of the principal, waived and submitted to, by every acquiescence which silence and tacit neglect, long continued, could imply. That bail shall claim no such neglected privileges of the principal, is in strict consistency with the presumption of law, that the bail is secured and indemnified by the principal.

PRENTISS, J. pronounced the opinion of the Court. It is a general principle, that parties and witnesses, and, indeed, all

*Windsor,*
*February,*
*1826.*

Fletcher
*vs.*
Baxter.

who have any relation to a cause which calls for their attendance in court, as bail, are privileged from arrest, during their attendance upon court, and in going to and returning from it, whether they are compelled to attend or not.---*Meekins* vs. *Smith*, 1 *H. Black.* 636.----1 *Tidd's Pr.* 173.  And this privilege, it seems, extends to a witness or party, attending, before any tribunal sitting in the nature of a court, in the administration of justice; as before a reference under a rule of court, before a master in chancery, or before commissioners of bankruptcy.---- *Arding* vs. *Flower*, 8 *T. R.* 534.----*Spence* vs. *Stewart*, 3 *East*, 89. There is no doubt, then, that *Norris*, the principal, while attending as a witness before the justice's court, was privileged from arrest, and that his arrest, while so attending, was a violation of his privilege.  But the question is, whether having given bail, and suffered judgment to pass against him in the original suit, without claiming his privilege, his bail can avail himself of it, and plead it in bar to the *scire facias*.

It appears to be well settled, that the arrest of a person, who has a special privilege or exemption, is in no case void, but voidable, merely; and that an action of false imprisonment will not lie against the officer, or the party suing out the process.--- *Tarlton* vs. *Fisher, Doug.* 671.---*Cameron* vs. *Lightfoot*, 2 *W. Blac.* 1190.---*Reynolds* vs. *Cap*, 3 *Caines' R.* 267.  The cases of *Percival* vs. *Jones*, 2 *Johns. Cas.* 49, and *Curry* vs. *Pringle*, 11 *Johns. R.* 444, which are relied upon as establishing a contrary doctrine, merely decide, that a party may be liable in trespass, who extends the power of a court of special and limited jurisdiction to a case to which it cannot be applied, and do not at all impugn the principle already advanced.  In *Cameron* vs. *Lightfoot*, where the question was much considered, it was held, that in case of the arrest of a witness attending court, the writ was not void, nor the arrest illegal, but improperly timed only; and the court said, that the privilege of the witness was not considered the privilege of the person attending, but of the court which he attends.  The same view seems to have been taken of the subject, in *Thinder* vs. *Williams*, 4 *T. R.* 377, where it is said, that the discharge of the party privileged, is founded on the contempt of the court, by arresting him while giving his necessary attendance upon it.  The privilege, in whatever light it may be considered, is merely temporary, and is allowed only on account of the necessity of the party's attendance, and for the sake of publick justice.  In general, when a party or witness is arrested in violation of his privilege, the court will discharge him.  The application, however, is to the discretion of the court, and they will allow it or not, under a consideraton of all the circumstances.  The party may not have come *bona fide*, or may have been guilty of negligence, in not availing himself of his privilege of returning in due season. These, and other facts, connected with the inquiries involved in the application, are to appear by affidavit; and the oath of the party himself may be often, if not always, necessary, to sat-

*Windsor,*
*Februrry,*
*1826:*

Fletcher
*vs.*
Baxter:

isfy the court. The privilege. therefore, is clearly not a matter which can be pleaded and put in issue to the jury, but is only ground for a motion, upon which the court are to decide. In *Dannelly* vs. *Dunn*, 1 *Boss.* and *Pull.* 45 Buller, J. said, that it was of importance to the publick, and to the profession, to put an end to attempts to introduce upon the record questions of practice, which cannot be considered as legal defences, but which belong rather to what may be called the equity side of the court. No case is to be found in the English books, in which the privilege of a party or witness has ever been the subject of a plea, either to the process on which he was arrested, or to an action against his bail; nor is any intimation any where given, that it might be so pleaded. It has uniformly been treated as the ground of a motion only, and as resting in the discretion of the court, whether to grant it or not. And the application is either to the court under whose protection the party is, or to the court out of which the process issues. If to the former, they can order his discharge; if to the latter, they may order his discharge, if he is still in custody, or if the arrest was on *mesne process*, and he has given bail, may order an *exoneretur* to be entered as to the bail, as was done in the case of *Spence* vs. *Stewart.* In vacation, the remedy in England is by application to one of the judges for an order of discharge; but here, probably, it is by *habeas corpus.*

But, admitting that the remedy is not exclusively by motion, and that the privilege of a party or witness may be pleaded, yet it is the privilege of the party himself, and he may waive it if he pleases. If the arrest is not void, but merely voidable, and the party neglects to avail himself of his privilege, at a proper time, and in a proper manner, it must be considered as waived, and neither he nor his bail can set it up in any collateral action. It is true, that an officer is not bound to arrest a privileged person, if he chooses to notice the privilege; and his neglect to do it will not form a ground of action against him. This was decided in the case of *Arding* vs. *Flower*, and is the whole extent of the decision in *Roy* vs. *Hogeboom*, 11 *John. R.* 433. But although the officer will be justified in not serving the process in such case, yet, if he does serve it, and makes return of the arrest, he cannot set up the privilege of the party in defence to an action for an escape against him. In *Bull* vs. *Steward*, 1 *Wils.* 255.----2 *Saund.* 101, *y. n.* 2, it was holden, that, in an action for an escape on *mesne process* out of an inferiour court, against the bailiff, the defendant could not take advantage of any error in the process, of which the defendant below might have availed himself. And in *Cable* vs. *Cooper*, 15 *John. R.* 152, it was determined, that the exemption of a person from arrest, on the ground of a previous discharge from imprisonment, for the same cause of action, was a privilege which the party might revive, and having omitted to plead it in proper time, it was waived, and was no justification to an action against the sheriff for an escape. In no case, where the matter is such that the

party might have availed himself of it in the original suit, and has waived it by his neglect to do it, can it be taken advantage of, in an action either against his bail or the sheriff.   In *Cooke* vs. *Gibbs*, 3 *Mass.* 193, Parsons, Ch. J. said, that the exemption of the defendant from arrest, in an action of debt upon a judgment, upon which he had been committed to jail, and discharged on taking the poor prisoner's oath, was an exemption in his favour, which he might waive the benefit of, by neglecting to plead it.   But the case of *Brown* vs. *Gitchell*, 11 *Mass.* 11, is more directly in point, and carries the doctrine of waiver farther than it is neceesary to extend it in the present case. That was an action on a bond given for the liberty of the prison yard, and the plea was, that the arrest of the debtor on the execution, was made while he was attending court as a party in a suit pending.   The court said, that the protection which the law affords in such case, is a personal privilege, of which the party entitled to rely upon it, may avail himself, to prevent or defeat. an arrest; but if he waives the privilege, and willingly submits himself in custody to the officer, he cannot afterwards object to the imprisonment as unlawful, or as made by a void authority. And the court presumed a waiver and voluntary submission, from the fact of giving the bond.   In the present case, the principal not only gave bail, but suffered judgment to pass against him in the original suit, without claiming or setting up his privilege. It must, therefore, be considered as waived, and cannot, in any view of the case, be a defence to an action against the bail.

Judgment affirmed.

HUTCHINSON, J, being of counsel, did not sit in the cause.

*Titus Hutchinson*, for the plaintiff in error.

*Jacob Collamer*, for the defendant in error.