### BANK OF VERGENNES *v.* GEORGE BARKER.

#### *Nonresidents.   Arrest.   Privilege.*

A citizen of another state may be arrested on a *capias* in an action founded on contract, issued upon an affidavit of the creditor that he is about to abscond or remove, &c.; and in such a case the words "abscond" and "remove" imply such an absconding and removal as a nonresident is capable of.

The provision, (Comp. Stat. Ch. 31, §73,) that persons privileged from arrest who shall make it known to the officer, &c., may plead it in abatement, is intended for those only who are exempted from arrest on peculiar grounds, as parties, witnesses, members of the legislature, &c., and has no application to the case of a person not so exempted, who is arrested in consequence of the filing of an affidavit that he is about to abscond, or remove, &c.

ASSUMPSIT upon bills of exchange drawn in September, 1853. The writ by which the suit was commenced, issued as a *capias* and was served by arresting the body of the defendant. The defendant plead in abatement that he was a citizen and inhabitant of the state of New York, that on the 31st of March, 1854, he was and frequently prior thereto had been, openly in this state, that on the said 31st day of March, he was arrested by virtue of the plaintiff's writ in this case, which was served upon him in no other manner ; that at that

time he was privileged from arrest, that he was not about to abscond or remove from the state, that he made the same known to the officer who arrested him, &c.

The plaintiffs replied that before the issuing of the writ, their cashier made and filed with the authority signing said writ, his affidavit that he had good reason *to believe, and did believe that* the defendant was about to abscond or remove from the state, and had secreted about his person or elsewhere, money or other property, &c. To this replication the defendant demurred.

The county court, December Term, 1854,—PIERPOINT, J., presiding,—adjudged the replication sufficient, to which the defendant excepted.

*Barber & Bushnell,* for the defendant.

*J. Pierpoint* and *E. J. Phelps,* for the plaintiffs.

The opinion of the court was delivered by

REDFIELD, CH. J. I. The statute in regard to the arrest of the body would be more consistent to extend to all nonresidents, without regard to citizenship, as it does in many of the states, and formerly did in this state. And it must be confessed, that the terms " abscond or remove," have no very appropriate reference to nonresidents, still, *it cannot be supposed that the legislature intended to* exempt them from all arrests on mesne process, under all circumstances. And the statute of 1852, which extends this exemption to citizens of other states, does in terms provide, that upon filing an affidavit, that the defendant is about to abscond or remove from the state, &c., the process may issue as a *capias.* Here undoubtedly, the words must have such a signification, as will render them applicable to the subject matter. Where the defendant is a nonresident, temporarily in the state, the words " abscond or remove" must imply such absconding or removal, as such person is capable of.

II. In regard to the statute of 1849, §73 of Ch. 31 of Comp. Stat. giving persons " privileged" from arrest the right to plead such privilege in abatement, we think it was not by " privilege" intended to include every one, not liable to arrest without the filing of an affidavit, but that the word " privileged" is to receive its ordinary and legitimate force, as extending to exemptions from arrest, upon

peculiar grounds, applying to some particular classes of persons, as parties and witnesses, attorneys and counsellors, and members of the legislature and of congress. That is all, which the words of the statute import. And the fact, that the courts in this state, (*Fletcher* v. *Baxter*, 2 Aik. 224,) had held, that such privilege could not be plead to the action is sufficient reason for passing the statute.

And the statute having provided a mode whereby persons, improperly subjected to arrest by affidavit, may rid themselves of the arrest, and the suit still being required to proceed to judgment, seems to imply, that it was not expected that the process, in such cases, should be abated on that account. We think therefore that the case was properly determined in the county court.

Judgment affirmed.