Lucia Wilkins' Admr. *v.* W.W.Brock and L. K. Rosselle.

May Term, 1906.

Present: Rowell, C. J., Munson, Watson, Powers, and Miles, JJ.

Opinion filed June 12, 1906.

*Abatement—Privilege from Service—Process—Service on Absent Defendant—Construction of Statutes—V. S. 1700, 1735.*

The privilege of a nonresident witness from service of *mesne* process by *summons* in a civil case cannot be pleaded in abatement.

General language in a statute should receive a general construction, unless restricted by the context or by plain inferences from the scope and purpose of the act.

Statutes *in pari materia* should be construed together; and when a statute uses words in a certain sense, and a subsequent statute uses them on the same subject, it will be taken to use them in the same sense, nothing to the contrary appearing.

V. S. 1091, providing that when more than one defendant is named in the writ, and service thereof is made upon one of them, and return .made of the writ as provided by the statute, if personal service is not made upon another of them by reason of his absence from the state, the clerk may issue a certified copy of the writ, which may be served like the original and with the same effect, applies as well where the absent defendant is a nonresident as where he is a resident of the state.

Trespass and Case. Heard on motion to dismiss defendant Rosselle's plea in the nature of a plea to the juris-

diction, and on demurrer to her plea in abatement, at the September Term, 1903, Chittenden County, *Tyler,* J., presiding. Motion to dismiss denied; demurrer overruled; plea in abatement adjudged sufficient, and judgment that the writ abate as to defendant Rosselle, and she recover her costs. The plaintiff excepted. Cause passed to the Supreme Court before hearing on the merits. The opinion fully states the case.

*B. E. Bullard, V. A. Bullard, E. A. Heath,* and *R. E. Brown* for the plaintiff.

Where a plea is improperly pleaded, objection must be made by motion to strike out; demurrer is improper. *Pool* v. *Hill,* 44 Miss. 306; *Copperthwait* v. *Dummer,* 18 N. J. 258; *Elliot* v. *Ins. Co.* (N. J.) 3 Atl. 171; *Davis* v. *Louisville & N. R. Co.,* 108 Ala. 660; *Richmond* v. *Tallmadge,* 16 Johns. 307; *Trabue* v. *Higden,* 44 Tenn. 620.

Defendant might have claimed her privilege by seasonably moving the court there sitting to have service vacated. *Washburn* v. *Phelps,* 24 Vt. 506; *Murray* v. *Wilcox,* 97 N. W. 1087; Am. Dig. 1902 A. c. 3585, § 17; *Mullen* v. *Sanborn,* (Md.) 25 L. R. A. 721; *Longuville* v. *May,* 87 N. W. 432.

Defendant waived her privilege by failing to claim it at the first opportunity. *Sebring* v. *Stryker,* 30 N. Y. Supp. 1053; *Hendrick* v. *Gates,* (Pa.) 3 C. B. Rep. 160; *Wood* v. *Kinsman,* 5 Vt. 588; *Farmer* v. *Robbins,* 47 How. Pac. 415; *Wilson* v. *Nettleton,* 12 Ill. 61; *Woods* v. *Davis,* 34 N. H. 328; *Leal* v. *Wigram,* 12 Johns. 88; *Petrie* v. *Fitzgerald,* 1 Daly 401.

*W. B. C. Stickney* for the defendant Rosselle.

The first plea is a plea to the jurisdiction, and as such is not a dilatory plea. *Pike Bros.* v. *McMullen,* 66 Vt. 121;. *French* v. *Holt,* 57 Vt. 187.

A motion to dismiss presents no question as to the sufficiency of the plea. *Marsh* v. *Graves' Admr.,* 68 Vt. 400;. *Tracy* v. *R. R. Co.,* 76 Vt. 313.

ROWELL, C. J.    This is trespass and case, returnable· before Chittenden County Court.    Both defendants are named in the writ, which was personally served on the defendant Brock, and return made, but was not personally served on the defendant Rosselle.

The case was set for trial at the March Term, 1903, when the defendant Rosselle came into court, and on her· affidavit that she had come from Indiana to attend the trial as· a witness, and had then learned for the first time that she· was named in the writ as a defendant, and had never had any notice of the suit by service nor otherwise, was permitted to· file a plea, called by her counsel a plea in the nature of a plea to the jurisdiction, the subject-matter of which is, bad service, as she was a  non-resident, and not personally served nor her property attached.

Thereupon the clerk, on application of the plaintiff, it. being made to appear that said defendant was absent from the State when the writ was served, and that no personal service thereof had been made upon her, issued an order· under section 1091 of the Vermont Statutes, that she be notified of the pendency of the suit and to appear therein, by· delivering to her a certified copy of the writ and declaration within such a time, which was done, and due return thereof˙ made.    The plaintiff then filed what is called therein an· answer to said plea, claiming it bad in divers respects in form:

and substance, and moving that it be dismissed, and for judgment against said defendant for costs. Then said defendant pleaded in abatement her privilege from said last-mentioned service as a non-resident witness, and also her non-liability thereto because of such residence; to which the plaintiff demurred.

The defendant says that as said order of service recites and admits as the ground for its issue the very fact on which the first plea is based, namely, want of service on her of the original writ, and as the plaintiff proceeds upon the theory that the infirmity of the original service and its inadequacy to make her a party could be cured by service upon her under the order after she came here as a witness, on the assumption that she was merely an absent defendant under the statute,— no question is here under the first plea, and that its consideration is unnecessary, as all questions that could be made thereunder are before the court in the second plea under the demurrer. The first plea, therefore, is not considered; and in order to dispose of it on the record, it is treated as withdrawn, as the plaintiff cannot be harmed thereby.

As to the second plea, it is considered that the privilege of a non-resident witness from service of mesne process by summons in a civil case, cannot be pleaded in abatement. *Fletcher* v. *Baxter,* 2 Aik. 224; *Booream* v. *Wheeler* 12 Vt. 311, decided in 1840. These are cases of arrest on mesne process in civil cases, and in such cases the law was changed by statute in 1849, and now, if a person is privileged from arrest in a civil case, and so informs the officer at the time the arrest is made, he may, if the arrest is on mesne process, plead such facts in abatement. But as this case is not within the statute, the principle of the cases cited governs it, and they are referred to for the ground and reason of the holding.

It is further considered that said plea is bad for that section 1091 includes non-resident defendants as well as resident defendants. It was passed in 1894, and provides that when more than one defendant is named in the writ, and service thereof is made upon one of them, and return made of the writ as provided by the statute, if personal service is not made upon another of them by reason of his absence from the State, the clerk may issue a certified copy of the writ, returnable within twenty-one days from the date of issue, and that the same may be served like the original writ and with the same effect.

The language of this section is general, and broad enough to include non-resident defendants, and the rule is that general language in a statute is to receive a general construction, unless restricted by the context or by plain inferences from the scope and purpose of the act.

But here the context is not restrictive; nor are the inferences from the scope and purpose of the act, but rather the contrary, for as the service provided for is given the same effect as service of the original writ, and as personal service of the original writ on a non-resident defendant in this State is good, the inference is that the statute was intended to include all on whom the original writ could be thus served, and therefore, to include non-resident defendants. And besides, statutes *in pari materia* are to be construed together, and when a statute uses words in a certain sense, and a subsequent statute uses them on the same subject, it will be taken to use them in the same sense, nothing to the contrary appearing. Now section 1641 of the Vermont Statutes, providing for personal notice to an absent defendant, passed in 1878, by express language, uses the words "absent defendant," as meaning a non-resident as well as an absent resident; and as that section and section 1091, subsequently passed, are *in pari materia,* the ab-

*sent defendant* of the latter must be taken to mean the same as the *absent defendant* of the former, there being nothing to indicate the contrary.

- *Judgment reversed, demurrer to second plea sustained, said plea adjudged insufficient, and cause remanded.*