## Dubois vs. Dubois.

Where an endorsement in part satisfaction of a judgment is made on an execution, being the proceeds of property sold, which sale is subsequently set aside, the plaintiff in the execution may show the facts of the case, notwithstanding the return of the officer, and the endorsement will be held a nullity.

THIS was an action of debt, tried at the Saratoga circuit, in May, 1828, before the Hon. NATHAN WILLIAMS, one of the circuit judges.

. The declaration is in debt on a decree of the surrogate of Saratoga for $101,77, for and on account of a legacy bequeathed to the plaintiff, and for $9,66 money lent. The defendant pleaded *nil debet*, and gave notice of payment and of general set-off for money paid, &c. and specially, that he would set off two promissory notes given by the plaintiff and two justice's judgments in favor of the defendant against the plaintiff.

On the trial, the plaintiff produced the decree, on which, after deducting a payment admitted by the plaintiff, there remained due at the trial $107,33. The defendant then gave in evidence the notes specified in his notice, one for the sum of $60, the other for $45,39, which, with the interest thereof, amounted to $159,37. The plaintiff objected to the admission of these notes, as by endorsements on the notes it appeared that judgments had been rendered on them in a justice's court. The defendant then proved that after the making of the decree by the surrogate against him, he paid the amount thereof to the surrogate; that the surrogate appropriated a part of the money towards the payment of his fees and to the satisfaction of a draft made on him by the plaintiff in

this cause, leaving the sum of $79 in the hands of the surrogate, which sum was levied upon by a constable by virtue of executions issued on the judgments rendered on the notes, paid over to the defendant and endorsed on the executions. It appeared that the judgments on the notes were obtained by process of *attachment*.

The plaintiff objected that the judgments should not be set off against the decree, because the notice was defective in not alleging jurisdiction in the justice who rendered the judgments; but if the judgments were received in evidence, they should be presumed to be satisfied by the levy under the the executions issued upon them, the returns on the executions being conclusive, so that they could not be impeached. A verdict was taken for the plaintiff for $107,33, subject to the opinion of this court upon the several points raised at the trial: if the defendant is entitled to his set-off on the notes or judgments, then the verdict to be set aside, and a verdict entered for the defendant for $52,04.

*P. H. McOmber,* for plaintiff.

*Palmer & Goodrich,* for defendant.

*By the Court,* MARCY, J. The question presented by this case is as to the right of the defendant to set off the notes mentioned in his notice or the judgments recovered on them. That one or the other may be set off, no reasonable doubt can be entertained. If the exception taken by the plaintiff to the *judgments* is to be sustained, then the notes are a subsisting demand against the plaintiff; and if the judgments are regular, they constitute a debt that may be set off. The defendant having obtained judgments on the notes, the claim on them must be deemed to have been merged in the judgments, unless the proceedings before the justice in obtaining them were *coram non judice.*

The plaintiff objected on the trial to the introduction of the judgments as evidence under the notice, because it was not stated in it that the justice before whom they were recovered had jurisdiction. If it should be conceded that the justice had not jurisdiction, then the judgments are void, and

the notes are not merged in the judgments, and the amount due on them may be set off against the plaintiff's claim. But the plaintiff seems principally to rely upon the objection that the judgments having been obtained by proceedings on attachment, and satisfied by the sale of the property seized, were paid, or should be *presumed* to be thus satisfied. The allegation of payment in fact, and also the presumption of payment, is destroyed by the evidence in the case. The executions, it is true, had the constable's endorsement of $79 received thereon from the sale of property seized on the attachments; but it was decided when this case was before the court on a former occasion, (6 *Cowen*, 494,) that the levy on the property was void. The property levied on was money paid into the surrogate's court by the defendant to satisfy a decree against him in favor of the present plaintiff. The court regarded the money as the defendant's own property, and decided if it had been the plaintiff's it would not have been liable to seizure on the executions. The money levied on was sold by the constable, and purchased by the defendant, and the amount for which it sold was endorsed as received on the executions; but this was not in fact a payment, because the property sold was not the property of the defendant in the executions, and the sale was a void proceeding, because the propery was not subject to seizure by the constable.

It is urged that the return upon the execution is conclusive upon the parties. This position, I apprehend, is not well taken. It is undoubtedly competent for a party to shew, where an execution from a justice's court comes collaterally in question, that the endorsement on it is not according to the fact, or that it was made under a misapprehension of the law. If the executions had issued from a court of record, and an error had been committed in making endorsements upon them, the court would, beyond all question, allow an amendment, if the interest of third persons would not be affected. On the same principle, the defendant had the right to shew under what circumstances the endorsement on the executions was made, and that they had not in fact been either wholly or in part satisfied. The case of *Codwise* v.

*Field,* (9 *Johns. R.* 263,) shews the return on the process by the officer is not conclusive upon the party. In that case, a *ca. sa.* against the defendant was returned satisfied by the officer, who did not, in fact, receive any money of the defendant. The plaintiff arrested the defendant on a second *ca. sa.* and the court refused to discharge him, because the first execution, though returned by the officer satisfied, was not in fact satisfied.

The verdict for the plaintiff must be set aside, and a verdict entered for the defendant for $52,04, the balance due him, for which he is entitled to judgment.

<div align="right">

NEW-YORK,
May, 1829.

Hicock
v.
Coates.

</div>

<div align="center">

Judgment for defendant.