Stewart v. Howard.

[SCHENECTADY GENERAL TERM, January 3, 1853. *Willard, Hand, Cady* and *C. L. Allen*, Justices.]

———•●•———

STEWART vs. HOWARD.

The bail required by section 187 of the code, is the substitute for special bail under the former practice:

A person not liable to arrest in a civil suit waives his privilege by putting in bail.

He will also waive his privilege by giving notice, by his attorney, of retainer in the cause, and demanding a copy of the complaint.

If a defendant wishes to preserve his right to move to discharge the arrest, on the ground of his exemption, his attorney should appear *specially*.

A defendant, after having appeared in the action, by putting in bail without objection, cannot, in the absence of fraud or imposition, be permitted to object that the affidavit on which the order of arrest was made was insufficient and defective.

Stewart *v.* Howard.

THIS was an appeal from so much of the order granted by Justice Hand, at the Saratoga special term, in June, 1852, as denied the defendant's motion to vacate the order of arrest granted by Justice Harris, in this action, and to discharge the defendant out of custody, &c.

*B. F. Agan,* for the plaintiff.

*O. F. Thompson,* for the defendant.

*By the Court,* WILLARD, P. J. The first ground of appeal is, that the judge should have discharged the defendant out of custody, on account of his being privileged as a witness, at the time of the arrest. It appears by the papers on the part of the motion, that at the time of the arrest, the defendant was actually under examination as a witness in a cause depending in this court, before R. W. Judson, a commissioner to whom a commission had been issued to take said examination, and that he had been regularly subpœnaed for that purpose. The exemption from arrest is claimed under 2 *R. S.* 402, § 51. The answer to this part of the motion is, that the defendant at the time he was arrested, did not assert any privilege as a witness, nor did the sheriff know or suspect that he was privileged. The defendant, without objection, gave bail to the sheriff, who justified, and the sheriff thereupon discharged him out of custody, and he returned to Canada, where he now resides. The arrest took place on the 1st of April, 1852. The bail was given the same day, and it became perfected. On the 13th of April, the defendant's attorney gave a notice of retainer, and demanded a copy of the complaint.

The defendant waived his privilege from arrest by putting in bail. The bail required by section 187 of the code, is the substitute for special bail under the former practice. Had he claimed his privilege, the officer before whom he was under examination had power to discharge him out of custody. (2 *R. S.* 402, § 52.) The defendant also waived his privilege by giving notice by his attorney of retainer in the cause, and demanding a

copy of the complaint. If he wished to preserve his right to move to discharge the arrest, the attorney should have appeared *specially*. Notice of retainer generally, is, by rule 7th, an appearance in the cause. The cases showing that the defendant waived his privilege, are collected by Graham, in the third edition of his Practice, 550. (*And see Webb* v. *Mott,* 6 *How.* 439, *and the cases collected by Crippen, J.*)

The next objection is, that the affidavit on which the order of arrest was made was insufficient and defective. It is a conclusive answer to this objection, that the defendant has appeared in the action by putting in bail without objection. In the absence of any fraud or imposition he cannot be permitted now to raise this objection. (*Graham's Pr.* 550, 3*d ed.*) But I think the affidavit was sufficient to justify the granting of the order. In every aspect in which the case has been presented, it appears to me that the order appealed from is right, and should be affirmed.

Order of the special term affirmed, with ten dollars costs.

[SCHENECTADY GENERAL TERM, January 3, 1853. *Willard, Hand, Cady* and *C. L. Allen,* Justices.]