NEW-YORK PRACTICE REPORTS.    353

The Col. Ins. Co. agt. Force, impleaded, &c.

## SUPREME COURT.

The Col. Ins. Co. agt. Force, impleaded, &c.

An order, denying a motion that an undertaking given on the arrest of the defendant be delivered up, and an *exoneretur* entered, is appealable.

A defendant, by procuring bail on his arrest, unless he does so voluntarily, does not waive his objections to the legality of the arrest.

Nor, it *seems*, under the Code, does obtaining time to answer the complaint have that effect. Though relief may be denied on the ground of *laches*.

A summons and complaint and order of arrest were delivered to the sheriff, and he verbally deputed a person, not his deputy, to serve them, who did so, and the sheriff made a return that he (the sheriff,) had served them, and had the undertaking; the return is conclusive in that suit.

*General Term, May,* 1853.   Hand, P. J., Cady and Allen, J. J.

This was an appeal from an order made by Mr. Justice C. L. Allen, at special term, denying a motion that an undertaking given on the arrest of the defendant, Force, be delivered up, and an *exoneretur* entered. The sheriff of Oneida county stated in his affidavit, that on the 25th day of August, 1852, as he was about to leave home, an application was made to him to depute one J. Halstead to serve the summons, complaint and order of arrest in this cause; and that he verbally so deputed said Halstead; and was next day informed by Halstead that he had made such service, whereupon he, (the sheriff,) signed a return that he had made service of said summons, complaint, and order of arrest, and received from Halstead the undertaking given on the arrest; which he still retains. That Halstead was not his deputy but a city marshal, and had none but a verbal authority. Force deposed to the arrest by Halstead, who informed him that he was only verbally deputed. That the order of arrest was made by the judge of Oneida county, and that he was not discharged until the usual undertaking had been given.

One Wendell deposed that he received the papers at Amsterdam, in Montgomery county, from the attorney of the plaintiff, to be delivered to the sheriff of Oneida county; and

delivered them to the latter at Utica, to be served; and that he gave no directions to the sheriff, nor made any request that Halstead should be verbally deputed; nor had he any instructions from the plaintiffs' attorney to do so. This statement was confirmed by the affidavit of the attorney for plaintiffs.

The order of arrest was made by the judge of Oneida county. The return of the sheriff was, that he had arrested Force on the 25th of August, 1852; and had taken an undertaking for his appearance, and served therewith a summons and complaint. This return was dated on the 26th of August, 1852, and was sent with the papers to the plaintiffs' attorney. On the 8th day of September, 1852, the plaintiffs' attorney received a letter from the defendant's attorney, dated on the 7th, asking that the time to answer be extended 20 days, and enclosing a stipulation to that effect, which was signed and immediately returned. The papers for this motion were served on the 10th of September.

MR. TROUP, *for Defendant.*

C. PATTERSON, *for Plaintiffs.*

By the Court—HAND, P. J.—This is an appealable order. (*Code* § 349.) An order to arrest is one of the provisional remedies under the Code, and the denial of the motion at special term, substantially continues that order.

The defendant by giving bail, or procuring an "undertaking" to be given, did not thereby waive his objections to the legality of the arrest, unless he did so voluntarily. Under the former system, the execution of a bond to be discharged from arrest, by the defendant himself, did not have that effect. (6 *J. B. Moore,* 64; 10 *Id.* 322; 2 *D. & R.,* 73; *Id.* 237.) And I am inclined to think, that requesting and obtaining further time to answer was not a waiver of any irregularity in the arrest. The party, no doubt, must not be guilty of *laches* in moving to be discharged. Pixley agt. Winchell, (7 *Cow.* 366;) Webb agt. Mott, (6 *How. Pr. R.,* 439;) Primrose agt. Badderley, (2 *Cr. & M.,* 468;) Queen agt. Burgess, (8 *A. & E.,* 275;) Farrell agt. Petre, (5 *A. & E.,* 818.) But now an arrest is no part of the

commencement of the suit; and an order for that purpose, in a proper case, may be obtained at any stage of the suit, notwithstanding the defendant has appeared therein. I very much doubt, therefore, whether an answer would have been a waiver unless there had been unreasonable delay.

But the proceedings, on the part of the plaintiffs, have been entirely regular. The defendant, who is a non-resident, gave bail, which was not excepted to, and the sheriff has made a formal and full return of the service of the order by himself; and the question in the case is, can the defendant set aside the proceedings without any fault on the part of the plaintiffs, or is his remedy against the sheriff, or the man who arrested him? The sheriff swears the agent of plaintiff's attorney requested him to depute Halstead, but this is positively contradicted by the agent, who, with Patterson, also swears he had no authority to do so.

If the service is good, the undertaking is good. And if we cannot look behind the return, there is no proof that the service is not good; but on the contrary, there is conclusive evidence that the sheriff arrested the defendant.

And it seems to be clear, that there can be no averment against the return of the sheriff in the same action. (*Watson on Sheriffs*, 72; *Dalt.* 189; *Allen on Sheriffs*, 57; *Cow. and Hill's Notes*, 1087, 1090;) Putnam agt. Man, (3 *Wend.*, 252;) Allen agt. Martin, (10 *Id.* 300;) Townsend agt. Olin, (5 *Id.* 209;) Boomer agt. Laine, (10 *Id.* 525;) Huntington agt. Taylor, (15 *East.* 378;) Wilson agt. Executors of Horst, (1 *Pet. C. C. R.* 441;) Gardner agt. Horner, (8 *Mass.* 325, 19 *Vin.* 210;) Return of Andrews agt. Lynton, (1 *Salk.* 265;) Clerk agt. Withers, (2 *Ld. Raym.* 1072, *Code* § 138.) It may sometimes be questioned when it comes in collaterally, and in a suit against the Sheriff; and in some cases in this State, a return on a *fi. fa.* has been disproved. Dubois agt. Dubois, (2 *Wend.* 416;) Bank of Orange county agt. Wakeman, (1 *Cow.* 46;) Armstrong agt. Garrow, (6 *Cow.* 465.) The judge who delivered the opinion in Van Rensselaer agt. Chadwick, (7 *How. Pr. R.* 297,) expressed an opinion, *obiter*, against the conclusiveness of the

return of a sheriff, but cited no authority; and the case was one of service by a private person.   It would be detrimental to the administration of justice, if the official returns of the sheriff, in a cause, were liable to be contradicted.   No doubt, in proper cases, the court will always give a party an opportunity to be heard upon the merits, where a default has been taken, if the application is in season.   But, beyond that, the remedy should be against the officer.

This view of the case renders it unnecessary to inquire into the validity of the arrest.   See Blatch agt. Artcher, (*Cowper*, 65; 2 *Greenleaf Evi.* § 589;) Townsend agt. Olin, (5 *Wend.* 209;) Boardman agt. Halliday, (10 *Paige*, 232;) Hunt agt. Burrell, (5 *J. R.*, 137;) Parker agt. Kett. (1 *Ld. Ray.* 658;) Martin agt. Bell, (1 *Stark. N. P. R.*, 413;) Saunderson agt. Baker, (2 *W. Bl.* 832.)

The order should be affirmed with costs.