Petrie v. Fitzgerald.

---

## PETRIE *v.* FITZGERALD.

It is not a ground for setting aside an order of arrest that the party had been arrested previously in the same suit, and on the same process, on a day of general election. The exemption from arrest expires with the day of election, and the parties afterwards stand towards each other as if no previous arrest had been made.

The defendant having attended Court upon the order of a judge thereof, to give information in a proceeding instituted by him, was arrested while leaving the Court House. The defendant gave bail, and his sureties being excepted to, gave notice of justification, and subsequently moved for his discharge, on the ground that he was privileged from arrest as a suitor or witness,—*Held*, that although the defendant was privileged from arrest at the time of his seizure, yet having given bail, and notice of justification of his sureties, he waived his privilege, and could not urge it on a motion to be discharged on the ground of his exemption.

The exemption of a party or witness from arrest is a personal privilege which can be waived; and the waiver is complete when the party or witness fails to claim it at once, and does some act in the cause in reference to his appearance or defence.

APPEAL by the defendant from an order made at Special Term, denying a motion to set aside an order of arrest.

---

---

Petrie v. Fitzgerald.

---

The defendant was originally arrested on the day of a General Election, November 3, 1863. He moved for his discharge on the ground that he was an elector, entitled to vote, and was therefore exempt from arrest on election day.

A default having been suffered by the defendant in this motion, the same was opened, on condition that the defendant should appear personally on the day for which the hearing of the motion was set down, and submit to an examination as to the matters set forth in the defendant's motion papers.

The defendant having given bail, had removed to New Jersey, in which State he was served with a copy of the order and a subpœna. The defendant appeared in obedience to the subpœna, and the plaintiff's counsel having examined him, entered an order on his own motion, vacating and setting aside the order of arrest, with a further order, " that the sheriff of the City and County of New York, to whom such order of arrest was directed, proceed forthwith to re-execute such process, and re-arrest said defendant thereon."

On this last order the defendant was forthwith arrested as he was leaving the City Hall. The defendant executed an under taking with sureties pursuant to the provisions of the Code, and moved to set aside the second order of arrest, on the ground that he came within the jurisdiction of the Court in obedience to an order of a judge thereof and a subpœna issued out of the Court, and that he was therefore privileged from arrest in going to and returning from Court as a witness.

The motion was denied without costs, but all proceedings in the cause were stayed until the defendant could appeal to the General Term, and such appeal could be heard and decided.

The defendant appealed accordingly.

*J. Solis Ritterband*, and *S. B. H. Judah*, for appellant.
*George G. Barrett*, for respondent.

By the Court.—Brady, J.—The defendant in this case was arrested on the 3rd day of November, 1863, which was a day for a general election. Claiming exemption as an elector, he caused to be served a notice of motion for his discharge from arrest and to declare the service of the process upon him invalid. The plaintiff's counsel being desirous of

Petrie v. Fitzgerald.

on the day of a
loved for his dis-
entitled to vote,
on day.
dant in this mo-
t the defendant
the hearing of
amination as to
papers.
moved to New
py of the order
n obedience to
ving examined
acating and set-
rder, " that the
to whom such
h to re-execute
on."
h arrested as he
cuted an under
s of the Code,
arrest, on the
f the Court in
subpoena issued
privileged from
witness.
proceedings in
d appeal to the
and decided.

appellant.

n this case was
which was a
ption as an
n for his dis-
f the process
g desirous of

ascertaining from an examination of the defendant whether he was a citizen, and whether or not there were any circumstances which rendered it impossible that he could legally exercise his franchise, insisted upon the defendant's attendance on some day on which the motion might be heard, and with a view to enforcing this design, obtained from the judge at Special Term an order requiring the defendant's attendance, and also served a subpoena upon him. The defendant was temporarily absent at this time and sojourning in the State of New Jersey, whither he went after his arrest, and after the service of the order and subpoena was made upon him in that State. He attended however upon the last day to which his motion had been adjourned, and was informally examined by the plaintiff's counsel, who, being satisfied from the examination that neither the arrest nor the service of process was legal, entered an order declaratory thereof, and paid to the defendant's attorney the costs granted by the Court. The defendant after this was done left the Court room, and before he had had reasonable time to leave the City Hall, was arrested again in this action.

The papers designed for the first action are not before us. Whether it was shown by them conclusively that the defendant was an elector or not, does not appear. It would seem, however, from his statement when examined by the plaintiff's counsel, that he was not a registered voter, and not a citizen. He says that he did not have his name registered because " he had never gone through the form of being naturalized in any office." If he were native born, he did not require to be naturalized, and if foreign born, naturalization was indispensable to make him an elector. His statement that he was an elector was the declaration of a legal conclusion, which upon the facts disclosed, so far as they appear on the papers before us, could not be sustained. The plaintiff's counsel, however, seems to have been satisfied that the defendant was exempt, and discontinued his proceedings. The first question which presents itself on the facts detailed, is whether the second arrest was lawful, and its consideration involves two propositions.

1. Could the defendant be arrested again in this suit on same process?

2. Was he privileged from arrest at the time the arrest was made?

There can be no well-founded doubt of the right to arrest the defendant again. The privilege or exemption from arrest expired with the election day, and the parties are put upon the same legal relation towards each other as if the arrest had not been made (*Peck* v. *Hozier*, 14 John., 346; *Sperry* v. *Willard*, 1 Wend., 32; *Humphrey* v. *Cumming*, 5 Wend., 90.)

This right does not seem to be disputed by the defendant. He claims exemption as a witness and suitor. The privilege from arrest on the day of an election was created with reference to the elective franchise which as a part of our system of government should be protected, and its free exercise secured for the public good. I am aware that there had not been an arrest upon an election day in any of the cases which are cited, but so far as the immediate question under consideration is concerned, there is no difference in principle between the privilege of a person as a witness, suitor, or elector. While the privilege continues, the person is sacred, but not longer. The right to arrest the defendant existing for these reasons, was it lawfully exercised? This brings us to the second question.

The counsel for the respective parties to this controversy have discussed this subject more particularly in reference to the privilege of the defendant as a witness, in which character he, as he alleges, attended this Court on the day of his second arrest. It is not necessary to consider on this appeal that aspect of the question. If it were, it could be demonstrated that the defendant was not bound to attend as a witness on behalf of the plaintiff, and that his appearance was voluntary in that character. He was served with a subpœna out of the jurisdiction of this Court and of this State. He had a right, however, to attend this Court on the day on which the motion for a discharge on his behalf was to have been made. It was an abstract right, in the exercise of which he enjoyed a perfect immunity from arrest—the right of a suitor which has in no respect been diminished in this State by either written or unwritten law. See Graham's Pr. (2 Ed.), p. 129, where the cases on this subject are collected. His right was that of going to, remaining at, and returning from this Court without interference with his liberty—*eundo, morando, redeundo*. And

Petrie v. Fitzgerald.

that right, if it could be enlarged, was so enlarged by the order of this Court, requiring him to attend, and in reference to the proceeding which he had set in motion, and about which this Court deemed further information from him necessary. He was, therefore, as a suitor, privileged from arrest at the time of his seizure, and would have been entitled to his discharge on application. If he had been in fact privileged as a witness, his discharge could have been made by the sheriff, or the sheriff could have desisted from making the arrest, on his making the affidavit prescribed by the statute, 3 Rev. Stat. (5 Ed.), p. 635, § 69, but the evidence furnished shows, I think, that he did not claim his discharge on that ground from that officer. In the view which I take of this case, however, that is not material. My conclusions are for these reasons, that the right to arrest the defendant was given by law, but that it was employed at a time when he was secured from it temporarily by his privilege, and it follows that the motion made on his behalf to be discharged, was improperly denied, unless he waived the right to be discharged by his own acts in reference to this action. The acts arrayed against him are

1. Giving an undertaking upon his arrest, and

2. When the sureties to that undertaking were excepted to, giving notice of justification.

The exemption from arrest is a personal privilege which can be waived, and the waiver is complete, when the party or witness fails to claim it at once, and does some act in the cause in reference to his appearance or defence. (*Hardenbrook's Case*, 8 Abbott's Pr., 416; *Stewart* v. *Howard*, 15 Barb., 26; *Pixley* v. *Winchell*, 7 Cowen, 366; *Dix* v. *Palmer*, 5 How. Pr. R., 233; *Geyer* v. *Irwin*, 4 Dall., 107; *Cole* v. *McClellan*, 4 Hill, 59; *Brown* v. *Getchell*, 11 Mason, 11, 14.)

Thus, in *Geyer* v. *Irwin*, the defendant was a member of the general assembly. On his arrest he did not claim his exemption, and when the cause against him was called for trial, he confessed judgment. The Court refused to discharge him. In *Stewart* v. *Howard*, the defendant was arrested while attending as a witness. He put in a general appearance, and gave an undertaking which was perfected by the omission of the plaintiff to except to the sureties. The Court refused to discharge him. In *Cole* v. *McClellan*, the defendant was a

Petrie v. Fitzgerald.

Counsellor at Law, and claimed that when arrested he was in attendance at Court as such. The Court recognized the doctrine of waiver. In *Brown* v. *Getchel*, the defendant was a party to a suit pending, and in attendance in his case when arrested. He executed a bail bond that he might "have the ease and favor of his liberty." It was held that by giving the bond he waived his exemption. In *Pixley* v. *Winchell*, the Court held that putting in special bail was a waiver of a fatal defect in the *capias ad respondendum*, although neither the defendant nor his attorney knew of the defect; and in *Dix* v. *Palmer*, Justice GRIDLEY said "the defect in the summons would be a fatal objection to the judgment, had not the defendant's attorney given a general notice of appearance, and waived the irregularity."

In the case of *The Columbian Insurance Company* v. *Force* (8 How. Pr. Rep., 353), however, the Supreme Court held that the defendant, by giving bail or procuring an undertaking, did not thereby waive his objections to the legality of the arrest, unless he did so voluntarily, and that under the former system the execution of a bond to be discharged from arrest by the defendant himself, did not have that effect. The distinction, however, between a bail bond under that system, and an undertaking under the Code, was not noticed in that case. There is a wide difference. The present undertaking is a substitute for the special bail, which followed the bail bond, necessarily under the old system. We find also that in the cases of *Reynolds* v. *Rankin* (4 Barn. & Ald., 536); *Tayler* v. *Rutherman* (6 J. B. Moore, 264); *Fahrbrodh* v. *Solbers* (10 Id., 322); *McBeath* v. *Chatterly* (2 Dow. & Ry., 237), each of the defendants was arrested on a *capias* issued against him by initials of his *christian* name, and when arrested, each defendant executed a bail bond by the name as written in the *capias*. The courts held the arrest in each case to be irregular, and ordered the bond given to be cancelled, and the defendant discharged, on entering a common appearance, thus, in effect, declaring that giving a bail bond was not a waiver of the right to question the legality of the arrest. In *Tayler* v. *Rutherman*, the court were of the opinion that the bail bond was given by the defendant under duress, that is, not voluntarily, and that the irregularity was not waived. This examination

Petrie v. Fitzgerald.

ted he was in
ized the doc-
endant was a
is case when
it "have the
by giving the
Winchell, the
ver of a fatal
neither the
ad in Dix v.
he summons
ot the defen-
earance, and

Company v.
preme Court
rocuring an
to the legal-
that under
discharged
that effect.
er that sys-
noticed in
undertak-
ed the bail
also that in
36); Tayler
Solbers (10
Ry., 237),
ned against
ested, each
ten in the
irregular,
defendant
, in effect,
er of the
r v. Ruth-
bond was
voluntarily,
amination

of cases affecting the subject under consideration, would seem to show a want of harmony in them ; but such is not necessarily the case, inasmuch as it must be remarked that neither in the case of *The Col. Ins. Co.* v. *Force*, nor in any of the cases just referred to, did the exemption from arrest exist. They are not authorities, therefore, against the proposition that in cases of privilege, the exemption may be waived in the manner stated. They sustain the declaration of the court in *The Col. Ins. Co.* v. *Force*, that the giving of a bond under the former system did not always have the effect of waiving objections to the legality of the arrest, but that is their full scope. But assuming that they are analogous cases in principle, then it cannot be gainsayed that the weight of authority in this State sustains the doctrine that the exemption from arrest, which is but temporary, may be waived. The Code is silent upon the subject. Section 204 relates only to applications to discharge the *order* of arrest which may be made at any time before judgment. This is a very different application. Here the order is not assailed, but the arrest made under its authority at a time when it could not be enforced. The defendant, on his arrest, gave an undertaking, and when his sureties were excepted to, gave notice of justification. That they failed to justify is no fault of the plaintiff. The defendant did all that he could in that particular proceeding to perfect his bail. If he did not intend to waive his privilege, he should have moved for his discharge, at least after he gave the undertaking. It was an idle ceremony to go on with the perfection of his bail, unless he intended to submit to his arrest as proper. Neither his adversary nor this court should be subjected to unnecessary formula. His personal privilege concerned himself, and if he intended to enforce it, he should have done so diligently. It was but a temporary right which did not shield him longer than it continued, and was an interruption of the administration of justice which we are not bound to enlarge by a departure from well established principles.

I think the order appealed from, therefore, should be affirmed. The order made at Special Term requiring the attendance of the defendant, disproves the truthfulness of any suggestion that he was decoyed into the jurisdiction of this Court.

by a trick, and therefore that suggestion is not worthy of serious consideration. The defendant was temporarily absent from this city, which was his place of residence, and left it on his arrest after election day. Why he left it, is apparent from the disclosures made in this case. With that, however, we have nothing to do on this appeal.

The order appealed from should be affirmed, with ten dollars costs.