## SUPREME COURT.

### JAMES D. FARMER agt. AUSTIN H. ROBBINS.

*Motion to discharge from arrest — laches.*

A defendant may move for his discharge from arrest, even after judg-
ment, if within twenty days after the service of the order of arrest.

Where the defendant, residing in a foreign country, was attending as a
witness, duly subpoenaed, before the referee on the trial of a cause, and
after the reference was closed, and defendant about leaving for his home,
he was arrested in an action, and failing to claim his personal privilege
to the sheriff, and failing to demand from the county judge (who issued
the order), as he had a right, to his personal privilege, but, on the con-
trary, acquiesced in the arrest by his silence in respect to his personal
privilege, and, in addition to that, entered into the usual undertaking,
and then awaited some twenty-two days before serving the motion
papers for an order discharging the arrest:

*Held,* that the defendant must be held to have waived his "personal
privilege" and acquiesced in the arrest. He had not been free from
laches in his efforts to get rid of an arrest to which he had a valid
objection, had it been taken in time.

*Oneida Special Term, October,* 1872.

MOTION to discharge an arrest under an order of arrest
granted by the county judge of Herkimer, 24th September,
1872, and that day made.

The defendant was in attendance at Herkimer under a
subpoena before a referee in a cause pending in this court.
While waiting for the train to return to Lewis county, his
residence, he was arrested, and immediately gave bail and
procured his discharge. The defendant, on the twenty-sixth
of September, caused a notice of retainer to be served upon
plaintiff's attorney, and on the fourteenth of October obtained,
by consent, an extension of time to answer. When the

defendant was arrested he did not make any affidavit, and furnish to the sheriff in relation to his exemption from arrest, nor was one required by the sheriff as might have been under section 55 of Revised Statutes, volume 2, page 419. The papers for this motion bear date October 14, 1872, and the motion is made at the first term of the court following such arrest.

*S. Earl*, for motion.

*J. A. & A. B. Steele*, opposed.

HARDIN, *J.*—From the papers used upon this motion, the facts must be found which show that at the time of the arrest the defendant was exempt from arrest, being as he then was in attendance upon a referee under a subpœna, and being about to return to his home, having made no unnecessary delay or deviation from the proper route (2 *R. S., page* 418, § 51). By section 54 of the 2d Revised Statutes, 419, it is provided that "every arrest of a witness, made contrary to the foregoing provisions, *shall be absolutely void*, and shall be deemed a contempt of the court issuing the subpœna." The plaintiff had no right to have the defendant arrested at the time and place where the same took place, and the arrest was absolutely void. But it was insisted upon the argument, by the learned counsel who oppose this motion, that the defendant waived his privilege from arrest, 1. By causing a general notice of appearance to be served on the plaintiff's atttorneys. 2. By entering into bail to procure his discharge from the arrest. 3. By omitting to claim, to the officer who made the arrest, that he was privileged from arrest; and several cases decided prior to 1853 are cited in support of the position taken by the defendant's counsel. The case of *Stewart* agt. *Howard* (15 *Barb.*, 26) was decided in January, 1853, and upon an appeal from an order made by justice HAND, whose decision was sustained.

When *Stewart* agt. *Howard* was decided, section 204 of

the Code (then sec. 179) allowed a defendant " at any time before the justification of bail to apply on motion to vacate the order of arrest, &c.; and as the party had given bail who had justified, a motion to set aside the order of arrest was, therefore, too late, and for that reason was doubtless decided by justice HAND at special term; and the order was affirmed January, 1853, with the concurrence of HAND, J.

The case of the *Columbia Ins. Co.* agt. *Force* (8 *How.*, 353) was decided in the same district in general term in May, 1853, and the opinion was delivered by justice HAND, which opinion is opposed to the dictum of WILLARD, J., in *Stewart* agt. *Howard* (*supra*), and being by the same district is to be treated as the better authority, inasmuch as it is later in point of time and upon points necessarily involved in the decision of the case.

By inspection of this latter case (8 *How.*) it will be found that the court held that executing a bond to obtain a discharge from arrest did not have the effect to waive the defendant's objections to the legality of the arrest (*Page* 354; *citing, also, J. B. Moore,* 64; 10 *id.,* 322, *and* 2 *D. & R.,* 73; *id.,* 237). The same learned judge adds: "That requesting and obtaining further time to answer was not a waiver of any irregularity in the arrest."

The same reason given is that now an arrest is no part of the commencement of the suit. The summons may be served and the cause put at issue before an order of arrest is obtained. The defendant in this case was liable to be served with a summons, and he was at liberty to appear and obtain the complaint, and to protect himself from the effect of the service of the summons to prevent the entry of judgment for an unfounded claim, irrespective of the questions touching his exemption from arrest.

It follows from the force proper to be given to the case in 8 *Howard, that* 15 *Barbour,* 26, is of little weight upon the question presented by the plaintiff's counsel.

The counsel for plaintiff cites *Guffing* agt. *Burton* (12

*How.*, 516). That case was decided in 1856, and held that a motion could not be made to vacate an order of arrest after bail had become perfected by lapse of time (as the section read then, ten days from the time specified in the order for the return thereof) if no exception was made by the plaintiff.

In *Cady* agt. *Edmonds* (12 *How.*, 197), ALLEN, J., in 1855, held that the right to move existed until *actual justification;* and that the ten-day rule did not cut it off. That conflict was disposed of by the subsequent act of the legislature.

In 1858, section 204 of the Code was amended so as to read as follows: "A defendant arrested may, *at any time before judgment*, apply, on motion to vacate the order of arrest, and to reduce the amount of bail." Since that amendment numerous cases have held that putting in bail does not waive a party's right to question the sufficiency of the proceedings for arrest, or the validity of the order (*Knickerbocker* agt. *Ecclesien* (6 *Abbott* [*N. S.*], 9 ; *S. C.*, 11 *Abbott* [*N. S.*], 385).

The effect of the amendments was discussed by GOULD, J., in *Warren* agt. *Wendell* (13 *Abbott*, 187); and at page 190 he says: "it clearly provides for a case where bail has been put in." "The meaning of the present provision is that, to avoid being actually confined, a party may give bail and perfect it, and thereafter have time to make out papers, move for a vacation of the order until judgment entered." In *Barker* agt. *Wheeler* (23 *How.*, 193), MULLIN, J., delivered an opinion, based upon the amendment of 1858, and reached the conclusion that a party was given by it the right to move any time before judgment. The same learned judge holds that the Code swept away the old practice.

After the doctrine of *Barker* agt. *Wheeler* was announced, holding that a motion could be made any time *prior to judgment*, and not thereafter, section 183 of the Code was amended by the act of 1862, so as to permit a party to move any time within twenty days after the service of the order of arrest in which to answer the complaint, and to move to vacate the order of arrest.

Farmer agt. Robbins.

That section, as it now stands, must be construed in connection with section 204, and is not inconsistent with it. The effect of the amendment of 1862, of section 183, being to permit a party to move, even after judgment, if within twenty days after the service of the order of arrest (*Pelo* agt. *Clukey*, 36 *How.*, 179, *opinion by* JAMES, *J.*).

When the defendant was arrested he was in the village of Herkimer, where the county judge resides who granted the order of arrest, who was the referee before whom the defendant had been sworn as a witness. If the arrest was made while the reference was pending the referee could have discharged the same. If the arrest was made, as I think the affidavits establish, after the reference was closed, then the defendant could have applied to the county judge for a discharge from arrest, if the sheriff had insisted upon holding the witness after a claim by the party of his exemption from arrest (*See section* 53, 2 *R. S.*, 419).

It therefore appears that the defendant failed to claim his personal privilege to the sheriff, and failed to demand from the county judge (who issued the order), as he had a right, to his personal privilege, and on the contrary acquiesced in the arrest by his silence in respect to his *personal privilege*, and, in addition to that, entered into the usual undertaking, and then awaited some twenty-two days before serving the motion papers for an order discharging the arrest. The opinion of BRADY, J., in *Petrie* agt. *Fitzgerald* (1 *Daly*, 401), is in point, and the reasoning applies to this case, and must be followed, and the defendant held to have waived his "personal privilege," and to have acquiesced in the arrest. He might, by application to the county judge, been discharged in ten minutes from his arrest. He has not been free from laches in his efforts to get rid of an arrest to which he had a valid objection, had it been taken in time (1 *Daly*, 401; 2 *Robertson*, 704; 15 *Barb.*, 26; 4 *Daly*, 107; 11 *Mass.*, 11 *and* 14).

Motion denied, with ten dollars costs.