ALICE DOUGLASS, Appellant, v. JOSEPH L. HABERSTRO, as
Sheriff, etc., Respondent.

An application to exonerate a sheriff as official bail, made after the time
for answering in an action to charge him as such has expired, is in the
discretion of the court below.

The exercise of this discretion by a Special Term of the Supreme Court
may be reviewed by the General Term, but the determination of the
latter court is not reviewable here.

(Argued November 9, 1880; decided November 16, 1880.)

APPEAL from order of the General Term of the Supreme
Court, in the fourth judicial department, reversing an order of
Special Term exonerating the defendant as official bail in an
action brought by the plaintiff against one William T. Warren.
(Reported below, 21 Hun, 320.)

The action against Warren was for the conversion of moneys
collected by him in a fiduciary capacity. The plaintiff caused
him to be arrested by the sheriff, who took from him bail;
they were excepted to and failed to justify. The plaintiff
recovered judgment against Warren, and issued an execution
against property, which being returned unsatisfied, a body exe-
cution was issued, which the sheriff, the defendant Haberstro,
returned "not found." The return was made on April 3,
1879. The present action was commenced against Haberstro
on April 10. On April 15 Haberstro again took Warren
into custody and held him until April 23, when he released
him upon his giving an undertaking conditioned that he would
at all times render himself amenable to the process of the court
during the pendency of the action against him, and to such as
might be issued to enforce the judgment therein. On April
28th, Haberstro and the bail who had failed to justify, seized
Warren and turned him over to the custody of one of the coro-
ners of Erie county, and thereupon obtained an order made
by the Special Term of this court, exonerating them as bail,
which order was reversed by the General Term, in October,
1879. (19 Hun, 1.) On being surrendered to the coroner,
Warren gave him an undertaking and was permitted to go at

]arge.   On  October  27th,  Haberstro  not  having  answered,
plaintiff entered judgment herein against him by default.   On
November 15th, Haberstro obtained a Special Term order giv-
ing him leave to answer, upon an affidavit in which he swore
to merits and excused his default in not answering.   He no-
ticed the cause for trial at the February circuit, 1880, it went
upon the day calendar, and was placed as a preferred cause, and
while it was in that position he again arrested Warren, and on
February 25th, moved for and obtained the order of Special
Term which granted the application for exoneration upon the
payment by defendant of a specified sum besides the costs.

*Osgood, Titus & Moot* for appellant.   The order of the
General Term is reviewable.   (Old Code, § 11, subd. 4 ;  New
Code, §  190, subd. 3 ;  Crocker on Sheriffs, §§ 132, 343 ;  Old
Code, § 188 ;  New Code, §§ 591, 593, 601 ;  *Brady* v. *Brun-
dage,* 59 N. Y. 310 ;  New Code, §§ 582, 593, 724, 758 ;  *Bank
of Geneva* v. *Reynolds,* 20 How. Pr. 18 ;  *Baker* v. *Curtis,* 10
Abb. Pr. 579 ;  *Gilbert* v. *Buckley,* 1 Duer, 608 ;  New Code,
§ 587 ;  *Clapp* v. *Schutt,* 44 N. Y. 104 ;  *Bensel* v. *Lynch,* id.
162 ;  *McKenzie* v. *Smith,* 48 id. 143 ;  *Douglas* v. *Haberstro,*
19 Hun, 1 ;  Old Code, § 189 ;  *McCalls* v. *Ingersoll,* 7 Johns.
146 ;  *Harp* v. *Osgood,* 2 Hill, 218 ;  Crocker on Sheriffs [ed.
1855], §§ 132, 133 ;  *Bushnell* v. *Bushnell,* 15 Barb. 402 ;  *Met-
calf* v. *Stryker,* 31 N. Y. 255 ;  *Fredericks* v. *Taylor,* 14 Abb.
[N. S.] 77 ;  *S. C.,* 52 N. Y. 596 ;  *Morris* v. *Wheeler,* 45 id. 708.
*Morrison* v. *Erie R. R. Co.,* 56 N. Y. 302.)

*John Campbell Hubbell* for respondent.   The order of the
General Term is not appealable.   It was within the discre-
tion of the court.   (Code of Civil Procedure, § 190 ;  *Brady*
v. *Brundage, sheriff, etc.,* 59 N. Y. 310, 311, 313 ;  *Mills*
v. *Hildreth, bail,* 22 Alb. L. J. 93 ;  Code of Civil Procedure,
§ 601 ;  *Boardman* v. *Fowler,* 1 Johns. Cases, 413 ;  *Thomas* v.
*Buckley,* 5 Cow. 25 ;  *Patten* v. *Stewart,* 1 N. Y. Sup. Ct.
[1 Hall] 38 ;  *Baker* v. *Curtis,* 10 Abb. Pr. 279 ;  *Olcott* v. *Lilly,*
4 Johns. 407 ;  *Rathbone* v. *Warren,* id. 309 ;  *Bank of Gene-
see* v. *Reynolds,* 12 Abb. Pr. 81, 84, 85 ;  *Hewett* v. *Wood,* 57

N. Y. 399, 400; *Alling* v. *Fahey*, 70 id. 572; *Matter of Horsefall*, 77 id. 315; *Allen* v. *Meyer*, 73 id. 3–4; *Fisher* v. *Hersey*, 78 id. 388–9; *Buffalo Savings Bank* v. *Newton*, 23 id. 162; *Paul* v. *Munger*, 47 id. 474, 475; *Anonymous*, 59 id. 315; *Wallace* v. *Castle*, 68 id. 375; *Martin* v. *Windsor*, 70 id. 101; *N. Y. G. & Ind. Co.* v. *Rogers*, 71 id. 380; *Lawrence* v. *Farley*, 73 id. 187; *Abraham* v. *Benson*, 76 id. 630; *Matter of Horsfall*, 77 id. 515; *Tracey* v. *Altmeyer*, 46 id. 604; *Snebley* v. *Conner*, 78 id. 219.)

Danforth, J. The circumstances disclosed upon this proceeding were enough to call for the action of the Special Term, and the order there made shows upon its face that it was granted, not as a matter of right but of favor, for it was available to the defendant only upon his complying with certain substantial conditions thereby imposed. Its terms make plausible the appellant's contention, that if the conditions were performed and the judgment debtor again placed in custody, the end of the law, which, at the beginning of the action, permitted his arrest, would have been answered; but the order was subject to review by the General Term of the Supreme Court (Code of Civil Pro., § 1347, sub. 1; *The Col. Ins. Co.* v. *Force*, 8 How. Pr. 353), and that court came to the conclusion that the case was not sufficient to warrant the relief granted by the Special Term. By their decision the defendant and this court are bound, for the facts stated in the appeal papers do in one view support it, and as the relief sought is within the discretionary power of the Supreme Court to grant or deny, its exercise cannot be reviewed by us. (Code of Civil Pro., § 190, sub. 2; *Liddell* v. *Paton*, 67 N. Y. 393; *Wallace* v. *Castle*, 68 id. 370; *Brady* v. *Brundage*, 59 id. 313; *Mills* v. *Hildreth*, 81 id. 91, decided June 1, 1880.) These cases are an answer to the argument of the learned counsel for the appellant, and require that the appeal should be dismissed.

All concur.

Appeal dismissed.