GEORGE LOWENTHAL, Respondent, *v.* MARIA E. LOWENTHAL, Appellant.

*Discretionary orders — review of — alimony — waiver of a jury trial, as a condition of granting.*

Ordinarily the General Term will not interfere with purely discretionary orders, but where there has been a palpable abuse of the discretion vested in the court at Special Term, or where it has been controlled by improper considerations, the General Term will review the order.

It is improper to impose, as a condition of granting temporary alimony in an action for divorce on the ground of adultery, that the wife waive a jury trial and consent to a trial of the action before the court or a referee.

*Sigel* v. *Sigel* (19 N. Y. Supp. 906), disapproved.

APPEAL by the defendant, Maria E. Lowenthal, from so much of an order of the Supreme Court, made at the Monroe Special Term, and entered in the office of the clerk of Monroe county on the 2d day of November, 1892, granting alimony to the defendant, as imposes a condition that she consent to a trial before the court or a referee.

*J. & Q. Van Voorhis*, for the appellant.

*David Hays*, for the respondent.

HAIGHT, J.:

This action was brought to procure an absolute divorce on the ground of adultery. The parties had been living together in the plaintiff's house. After the action was commenced the plaintiff absented himself, leaving the defendant and their three children in the house, and for a time he continued to furnish them with the necessary money for their support. The defendant made a motion

for alimony and counsel fee.   The motion for alimony was denied, on the condition that the defendant continue to reside with her children in the plaintiff's house, and he continue to support her and the children therein, but with leave to the defendant to renew the motion at any time in case the plaintiff should fail so to provide for her.   And if the defendant should elect to reside elsewhere than in the plaintiff's house and apart from her children, then, and in that case, the plaintiff should pay her six dollars per week for her maintenance during the pendency of the action.

It was further ordered that the plaintiff should pay to the defendant, or her attorney, a counsel fee of $100, in case the defendant should consent to a trial at once before a referee, or the court. But in case she does not so consent, the plaintiff should pay to the defendant the sum of fifty dollars counsel fee.

Subsequently the plaintiff removed his children from the house and from the custody of the defendant, and then ceased to supply her with money for her support and maintenance.   A second motion was then made on her behalf for alimony, which resulted in an order that the plaintiff pay her six dollars a week, commencing October 7, 1892, " provided and on condition that the defendant file and serve on plaintiff's attorney, before the last day for serving notice of trial for December, 1892, equity term, a stipulation waiving trial by jury and consenting to trial before the court at an equity term, or by referee, if both parties consent to a reference.   In default of such stipulation defendant's motion for alimony is denied."   It is from the condition so imposed that this appeal is taken.

Section 1769 of the Code of Civil Procedure provides that where an action is brought to obtain a divorce or for separation, " the court may, *in its discretion*, during the pendency thereof, from time to time make and modify an order or orders requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action or to provide suitably for the education and maintenance of the children of the marriage, or for the support of the wife, having regard to the circumstances of the respective parties."

It will thus be seen that by the express provisions of the Code, alimony pending the trial is discretionary.   Ordinarily the General Term will not interfere with purely discretionary orders, but where there has been a palpable abuse of the discretion vested in the court

at Special Term, or where it has been controlled by improper considerations, the General Term will review the order. (*The Hanover Fire Ins. Co. v. Tomlinson*, 58 N. Y. 215; *Douglass v. Haberstro*, 82 id. 572; *The People, etc., v. The Globe Mutual Insurance Company*, 27 Hun, 539.)

The court, as we have seen, awarded alimony, thus adjudging that it was a proper case, but it imposed a condition that the defendant should stipulate to waive the right of a trial by jury, etc. The reason for imposing this condition we are told, is that in the county in which the venue is laid it will take nearly a year to reach the case on the Circuit calendar.

The right to a trial by jury of the question of adultery when put in issue has existed ever since the power was given to the courts of this State to grant divorces. This power was transferred from the Legislature to the Court of Chancery by the Laws of 1787, chapter 69, and was continued in the revision of the statutes. (2 R. S. 145, § 40; *Batzel v. Batzel*, 42 N. Y. Super. Ct. 561; *Conderman v. Conderman*, 44 Hun, 181.)

The right to such a trial existed at the time of the adoption of the Constitution of 1846, and is, therefore, continued by the provision, "The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever." This right is also preserved by the Code. (Code Civ. Pro. § 1757.)

Temporary alimony, although discretionary, is, under the practice of our courts, granted in proper cases. If the courts can properly impose a condition of the nature of this appealed from, it follows that in counties where there is an accumulation of work in the Circuits, wives in divorce cases may be deprived either of their right to alimony, or of their constitutional right to a trial by jury, whilst in other counties their right to both is still preserved to them.

We cannot sanction such a practice as just and equitable. It introduces a species of coercion which ought not to be tolerated. If the defendant is guilty of misconduct, or improperly delays the trial, the court may deprive her of alimony, but if her only fault is that she resides in a county where the courts are behind with their work, she ought not to be punished therefor, by either being deprived of her support or of her right to a trial in the forum secured to her by the Constitution.

Our attention has been called to the. case of *Sigel* v. *Sigel* (19·
N. Y. Supp. 906). But in so far as that case is in conflict with the·
views above expressed, we think it ought not to be followed.

So much of the order as is appealed from should be reversed,,
with ten dollars costs and disbursements.

All concurred.

That part of the order appealed from reversed, with ten dollars
costs and disbursements.