CHARLES W. SEBRING, Respondent, *v.* WILLIAM H. STRYKER, Appellant.

(Steuben County Court, November, 1894.)

It is the duty of a person upon whom a subpœna *duces tecum* is served to obey it either personally or by a subordinate who is competent to identify and testify, and where he does so in person his attendance is not necessarily voluntary.

The exemption from service of process of a witness who comes from without the jurisdiction to attend a trial is a personal privilege only, which is waived if not taken at the first opportunity, and cannot be claimed for the first time on appeal from a judgment entered upon default.

37

APPEAL from the judgment of a justice of the peace, rendered upon a default.

*Richard H. Thurston,* for appellant.

*James O. Sebring,* for respondent.

ROBINSON, J.   This is an appeal from a judgment rendered by a justice of the peace upon default of the defendant.

Affidavits and the return of the justice show that the summons was served upon the defendant while he was in attendance at a court of the said justice as a witness in a case then being tried.

A subpœna *duces tecum* had been served on him in Chemung county requiring the production of certain books of the Columbian Knights, a corporation of which he was an officer. The defendant was a resident of Onondaga county.

The point is made that the appearance of the defendant was voluntary, because under section 869 of the Code of Civil Procedure the subpœna would have been deemed to have been sufficiently obeyed if the book or paper had been produced by a subordinate officer or employee who possessed the requisite knowledge to identify and testify respecting the purposes for which it was to be used; and if a personal attendance of a particular officer was required, a subpœna without a *duces tecum* clause must also be served upon him.   I hardly think that this construction can be placed upon this section of the Code.   The defendant was bound to obey the subpœna *duces tecum* in one of two ways, either personally or by his subordinate.   He chose to obey the subpœna in person, perhaps not having a subordinate officer possessing the requisite knowledge to identify and testify, and thus compelled to attend in person. This can hardly be claimed to be a voluntary attendance under all the circumstances.   *Sander* v. *Harris,* 37 N. Y. St. Repr. 594.

It is the intention of section 2969 of the Code of Civil Procedure to preserve the old practice to compel the attendance

of a witness from an adjoining county, irrespective of the residence of the witness.

The defendant was within the jurisdiction of the justice when subpœnaed in Chemung county.

It seems to be settled that a witness coming from another state for the purpose only of attending a trial as such is "exempt" or "privileged" from the service of summons for the commencement of an action *eundo, morando et redeundo. Mathews* v. *Tufts,* 87 N. Y. 568; *Person* v. *Grier,* 66 id. 124.

A resident witness who could have been subpœnaed is only exempt from arrest in a civil action or special proceeding. *Frisbie* v. *Young,* 11 Hun, 474.

I have been unable to find any cases holding that, by the service of summons under such circumstances, the court failed to acquire jurisdiction; on the contrary, however, all authorities agree that it is a *personal privilege only,* which must be asserted at the first opportunity or it is waived. The principle is the same where the privilege is from arrest. It may be waived. The privilege from civil arrest is embodied in the statute, and absolutely void if not waived. Code, §§ 860 and 863. The privilege from service of summons depends upon the common law, and for the purpose of encouraging witnesses to voluntarily come within the jurisdiction. *Stewart* v. *Howard,* 15 Barb. 26; *Farmer* v. *Robbins,* 47 How. Pr. 415; *Petrie* v. *Fitzgerald,* 1 Daly, 401; *Shults* v. *Andrews,* 54 How. 376.

I fully concur in the views expressed by the court in *Pritsch* v. *Schlicht,* 5 N. Y. St. Repr. 871, that there seems to be no good reason for distinguishing between the case of a witness coming voluntarily within the jurisdiction of the Supreme Court and one so coming within the jurisdiction of a court of limited jurisdiction *where his attendance could not have been compelled;* but in this case a motion was made at the first opportunity to set aside the service of the summons.

The defendant, in the action under consideration here, should have appeared before the justice on the return day of

the summons, which was his first opportunity to have claimed his privilege, and, not having done so, thereby waived it.

I believe this practice to be in keeping with all the authorities, and was the course pursued, although not discussed, in the following cases: *Day* v. *Harris*, 37 N. Y. St. Repr. 322; *Sander* v. *Harris*, Id. 594.

It, therefore, follows that the defendant did not voluntarily come within the jurisdiction of the justice; that the service of summons was sufficient to acquire jurisdiction, and that the exemption claimed by the defendant would have been a personal privilege only, which would have been lost by failure to assert it on the return day of the summons and cannot be raised for the first time upon appeal.

It is claimed that the testimony given on the trial does not establish a cause of action, because the witness testified to the substance of what defendant testified on the trial of another action according to the best of his recollection. The plaintiff had the right to prove the admission of defendant made under oath, and it was not necessary to produce and prove it by the minutes of the court. *Pickard* v. *Collins*, 23 Barb. 444.

" It is not necessary that the witness should be able to testify to the exact language, but he must be able to give the substance. He may state the impression on his mind as to the fact of what he said, but not what he understood to be meant by what he testifies was said." Abbott's Tr. Brief on Facts, § 67, and cases cited.

" It has been the uniform practice of the courts, in reviewing the proceedings had before justices of the peace, to regard them with marked indulgence and liberality, and if possible *sustain* them by every reasonable and warrantable intendment." *Schoonmaker* v. *Spencer*, 54 N. Y. 366, 370; *Knight* v. *Wilson*, 55 Hun, 559; *Beecher* v. *Kendall*, 14 id. 329.

The judgment should be affirmed.

Judgment affirmed.